UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROL PORTER, *et al.*,<br><br>    Defendant. | Case No. C06-5302 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**October 27, 2006** |

    This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff was given leave to proceed *in forma pauperis.* On August 3, 2006, Plaintiff was ordered to show cause why his Complaint should not be dismissed for failure to exhaust his administrative remedies. Plaintiff has failed to respond to this Court's order. This report follows, recommending that Plaintiff's Complaint be dismissed with prejudice.

## DISCUSSION

    In his Complaint, Plaintiff purports to sue Carol Porter, C/O Black, Lt. Jacobs and Law Librarian Thompson under U.S.C. § 1983. However, Plaintiff failed to allege any conduct or request

REPORT AND RECOMMENDATION - 1

relief pursuant to Section 1983. (Dkt. # 10). Plaintiff also alleges that a grievance process is ongoing, but not complete. (Id.) The Court advised Plaintiff that in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

In his Complaint, Plaintiff refers to an "attached document entitled motion to file § 1983 civil lawsuit," for an explanation of his allegations and the remedies he seeks. There is, however, no such document attached to Complaint. Neither is there contained anywhere in Plaintiff's filing any allegations of conduct giving rise to constitutional violations under § 1983.

The Court also advised Plaintiff that the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. (Dkt. # 11). The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must

REPORT AND RECOMMENDATION - 2

be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in Woodford v. Ngo. 548 U.S. ___, 126 S.Ct. 2378, No. 05-416 at 1 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. Id. at 11.

In his Complaint, Plaintiff indicates that the grievance process is not complete. Accordingly, the record reflects that Plaintiff filed this lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because it appears that Plaintiff has failed to exhaust his available administrative remedies, Plaintiff was ordered to show cause by September 1, 2006, why his case should not be dismissed. Plaintiff was also advised that if he failed to file a response or the response showed that he could not go forward, the court would enter a report and recommendation that his Complaint should be dismissed.

Plaintiff did not respond to the Court's order to show cause by the September 1 deadline, nor did he seek an extension of the deadline.

## **CONCLUSION**

Plaintiff was ordered to show cause why his Complaint should not be dismissed for failure to exhaust his administrative remedies. (Dkt. # 11). Plaintiff has not complied with the court's order nor has he sought an extension of the deadline. The Court recommends the action be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION - 3

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 27,**
2  **2006**, as noted in the caption.

4       DATED this  26th  day of September, 2006.

                                    /s/ Karen L. Strombom
                                    Karen L. Strombom
                                    United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 4